UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. MARTINEZ,<br><br>                    Plaintiff,<br><br>        v.<br><br>RICHARD A. CUMMO & ASSOC., et al.,<br><br>                    Defendants. | CASE NO. 1:15-cv-00948-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZALBE CLAIM<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF Nos. 1.)

On June 24, 2015, Plaintiff filed his Complaint.  (ECF No. 1.)  Plaintiff's Complaint is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon

which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. SUMMARY OF COMPLAINT

Plaintiff's Complaint is brief and largely incoherent. It states:

> Attorneys for Richard A. Cummo & Assoc have 1368 PC me two times in five months/Violation Due Process Fourteenth Amendment/Pluse [sic] American disibilities [sic] Act/I have Mental Health issues 1368 PC on 4/30/2015 3/30/2015 5/29/2015

It identifies Richard A. Cummo & Associates, Scott Gross and Steve Rector as Defendants. It seeks mental health care and treatment, damages, and release from prison without probation.

The Court is not able to discern from the pleading the facts that Plaintiff believes give rise to his legal claims or to determine what those legal claims are. In the following sections of this order, the Court will identify essential elements of the causes of action it believes Plaintiff may wish to assert. Plaintiff will be given leave to amend to try to assert cognizable claims.

### IV. ANALYSIS

#### A. Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

2

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id*.

### B.  Liability of Defendants

Plaintiff names a law firm and two individuals as Defendants. Plaintiff indicates that the law firm is employed as the Public Defender's Office.

If Plaintiff wishes to state a constitutional claim against the law firm, he must plead whether it is a public or private entity and how it can be held liable under § 1983. If the law firm is considered an arm of the Public Defender's Office, and thus a government agency, it is not a person for § 1983 purposes. "State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). Additionally, "[i]n the absence of a waiver by the state or a valid congressional override, 'under the [E]leventh [A]mendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.'" *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999) (*quoting*

*Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1989)). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." *Id.* at 1025-26; *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009). Accordingly, the Eleventh Amendment would bar a claim against the law firm.

If the law firm is a private corporation, it can be found liable pursuant to § 1983 if it is acting under color of state law and the constitutional deprivations resulted from a deliberate policy, custom, or practice of the private corporation. *See Robinson v. City of San Bernardino Police Dep't*, 992 F.Supp. 1198, 1204 (C.D. Cal. 1998). There is no liability under § 1983 based on a theory of *respondeat superior*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), therefore the law firm cannot be vicariously liable for the actions of its attorneys.

If the named individuals are Public Defenders, they are not acting under the color of state law for § 1983 purposes when they are acting in their role as advocates. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *Kirtley v. Rainey*, 326 F.3d 1088, 1093-94 (9th Cir. 2003) (a state-appointed guardian ad litem does not act under color of state law for purposes of § 1983); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (federal public defenders are not acting under color of federal law for purposes of *Bivens* action). If the named individuals are private attorneys, they also are not acting under color of state law. *See Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (explaining that a lawyer in private practice does not act under color of state law). If Plaintiff wishes to state a claim against the named individuals, he must specify their title, place of employment, and how they were acting under color of state law.

### C.   Fourteenth Amendment

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v.*

*Austin*, 545 U.S. 209, 221 (2005).  To state a claim, Plaintiff must first identify the interest at stake.  *Id.*  Liberty interests may arise from the Due Process Clause or from state law.  *Id.*  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221–22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue.  *Id.* at 222–23 (*citing Sandin v. Conner*, 515 U.S. 472, 481–84 (1995)).  Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  *Id.* at 221 (*quoting Sandin*, 515 U.S. at 484); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff asserts that Defendants' actions violated his Fourteenth Amendment Due Process rights but he fails to identify what liberty interest is at stake or how it was violated.  Plaintiff is granted leave to amend.

### D.  Americans with Disabilities Act

Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To state a claim under Title II of the ADA, "the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability."  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

The ADA defines disability as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. . ." 42 U.S.C. § 12102.

Although § 12132 does not expressly provide for reasonable accommodations, the implementing regulations provide that "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

Plaintiff does not allege what his disability is, that he was excluded from participation in or denied the benefits of any services, programs, or activities due to his disability, or that he was denied reasonable accommodations or modifications in relation to a discriminatory policy, practice, or procedure. Plaintiff has not stated a cognizable ADA claim. He is granted leave to amend.

### E.     *Heck* Bar

Often referred to as the *Heck* bar, the favorable termination rule bars any civil rights claim which, if successful, would demonstrate the invalidity of confinement or its duration. Such claims may be asserted only in a *habeas corpus* petition. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a claim for monetary and declaratory relief challenging the validity of procedures used to deprive a prisoner of good-time credits is not cognizable under § 1983).

Plaintiff seeks to be let out of prison without probation, in addition to mental health treatment and damages. Plaintiff's claims related to his request to be let out of prison are barred by *Heck*, and he must pursue such claims by filing a *habeas corpus* petition.

*See Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (the application of *Heck* "turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement").

## V.     CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief.  The Court will grant Plaintiff an opportunity to file an amended complaint.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an "amended complaint supersedes the original" complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Here, the amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's Complaint (ECF No. 1.) is DISMISSED for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his signed Complaint filed June 24, 2015;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim, failure to comply with a court order, and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:  October 26, 2015      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE