UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RICHARD A. CUMMO & ASSOC., et al.,<br><br>　　　　Defendants. | CASE NO. 1:15-cv-00948-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION TO:<br><br>(1) DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM (ECF No. 6); AND<br><br>(2) DIRECT CLERK'S OFFICE TO SEND PLAINTIFF HABEAS PETITION FORM<br><br>FOURTEEN-DAY (14) OBJECTION DEADLINE<br><br>CLERK TO ASSIGN DISTRICT JUDGE TO CASE |

**I.   PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1.)

On June 24, 2015, Plaintiff filed his Complaint. (ECF No. 1.) The Court screened Plaintiff's Complaint and dismissed it with leave to amend. (ECF No. 5.) Plaintiff's First Amended Complaint is now before the Court for screening. (ECF No. 6.)

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.   SUMMARY OF COMPLAINT

Plaintiff names Richard A. Cummo, Scott Gross, and Steve Rector as Defendants.

Plaintiff's First Amended Complaint alleges essentially the following:

His attorneys and the D.A. Danna Pfeil committed misconduct in his criminal case. There was no evidence supporting his conviction. He did not understand the proceedings so his attorneys "1368 (PC)" him. (ECF No. 6 at 4.) He was not properly evaluated. As a result of his attorneys' actions, he received eight more months without credits for pretrial detention.

Plaintiff seeks release to a drug program that will also provide him with mental health treatment.

## IV.   ANALYSIS

### A.   Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*

### B. *Heck* Bar

Often referred to as the *Heck* bar, the favorable termination rule bars any civil rights claim which, if successful, would demonstrate the invalidity of confinement or its duration. Such claims may be asserted only in a *habeas corpus* petition. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a claim for monetary and declaratory relief challenging the validity of procedures used to deprive a prisoner of good-time credits is not cognizable under § 1983).

Plaintiff challenges the evidence supporting his conviction and his sentence. He seeks to be let out of prison early and sent to drug and mental health treatment program. Plaintiff's claims are barred by *Heck*, and he must pursue such claims by filing a *habeas corpus* petition. *See Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (the application of *Heck* "turns solely on whether a successful § 1983 action would

necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement").

## V.  CONCLUSION AND ORDER

Plaintiff's claims challenge the validity of his confinement, a challenge which may be brought only in a petition for a writ of *habeas corpus*.  Thus, Plaintiff has failed to state any claims that are cognizable under Section 1983.  The deficiencies in Plaintiff's FAC are not capable of being cured through amendment.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's FAC (ECF No. 6.) be dismissed for failure to state a claim upon which relief can be granted; and
2. The Clerk's Office be directed to send Plaintiff a habeas petition form.

It is HEREBY ORDERED that:

The Clerk's Office assign a District Court Judge to this case.

These findings and recommendations will be submitted to the United States District Judge who will be assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen** (14) days after being served with the findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   November 12, 2015          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

4